UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Benjamin Cunningham, )
)
    Plaintiff, )
)
v. ) Civil Action No. 14-1595
)
United States Government *et al.* )
)
    Defendants. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted or seeks monetary relief from an immune defendant).

Plaintiff is a resident of Bronx, New York. He sues the United States, a Special Assistant United States Attorney, the General Counsel of the United States Marshals Service, and an Attorney employed by the Executive Office for United States Attorneys. *See* Case Caption. Plaintiff alleges that the defendants committed fraud in declarations filed in his Freedom of Information Act case that is currently on appeal in the United States Court of Appeals for the District of Columbia Circuit. *See Cunningham v. United States Dep't of Justice*, No. 13-1115 (RMC) (docket sheet). Plaintiff also alleges constitutional violations and seeks $20 million in damages for this "Bivens civil case." Compl. at 28; *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (authorizing private cause of action against federal officials for violating constitutional rights).

The complaint fails because sovereign immunity bars a claim against the United States and its employees acting in their official capacity save consent "unequivocally expressed in statutory text[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). The United States has not consented to be sued for conduct stemming from "the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs." *Hornbeck Offshore Transp., LLC v. U.S.*, 569 F.3d 506, 510 (D.C. Cir. 2009) (citation and internal quotation marks omitted). Nor has it consented to be sued for constitutional violations. *FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994). In addition, the FTCA does not provide a remedy for "[a]ny claim arising out of . . . misrepresentation [or] deceit." 28 U.S.C. § 2680(h).[1]

To the extent that plaintiff is suing the individual defendants in their personal capacity, "government officials 'are absolutely immune from damages liability based on their testimony' in a judicial proceeding." *Gray v. Poole*, 275 F.3d 1113, 1118 (D.C. Cir. 2002) (quoting *Briscoe v. LaHue*, 460 U.S. 325 (1983)). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: September 18, 2014             United States District Judge

---

[1] Even if the complaint presents a potential claim under the FTCA, jurisdiction is wanting because plaintiff has not indicated that he has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . .," 28 U.S.C. § 2675, and this exhaustion requirement is jurisdictional. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007).